IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMUEL ATKINSON                                                        PLAINTIFF

v.                              CIVIL NO. 18-5009

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Samuel Atkinson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on June 3, 2015, alleging an inability to work since April 7, 2015, due to his knees, hips, back, shoulders, anxiety, depression, post-traumatic stress disorder and slight diabetes. (Tr. 108-109, 186). An administrative hearing was held on May 9, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 59-106).

By written decision dated January 4, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis/degenerative disc disease of his lumbar spine, mild osteoarthritis of his right shoulder, left knee effusion, major depressive disorder, post-traumatic stress disorder

1

(PTSD), and a history of traumatic brain injury (TBI). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he can only occasionally climb ramps and stairs, he can never climb ladders, ropes and scaffolds, and he can only occasionally balance, stoop, kneel, crouch and crawl. He must avoid concentrated exposure to hazards including no driving as part of work. He is able to perform work where interpersonal contact with coworkers and supervisors is incidental to the work performed and there is no contact with the public. He can perform work where the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct and concrete.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform light work as a deli cutter slicer, a housekeeping cleaner and an apparel stock checker; and sedentary work as an addressing clerk, a pneumatic tube operator and a table worker. (Tr. 29-30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 18, 2017 (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's

decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 14th day of May 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE